IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 13-cv-02868-WYD-MJW

CSI INSPECTION, LLC F/K/A
CONNECTION SPECIALISTS, INC.

Plaintiff,

v.

ROSS TERREBONNE and
TITAN INSPECTION SERVICES, L.L.C.

Defendants.

---

**STIPULATED PROTECTIVE ORDER**
( Docker p. 23-1 )

---

Plaintiff, CSI Inspection, LLC F/K/A Connection Specialists, Inc., and Defendants, Ross Terrebonne and Titan Inspection Services, LLC, by and through their respective attorneys, having shown good cause in support of the entry of this Protective Order to protect against dissemination of the confidential information set forth herein, and recognizing the parties to this case have stipulated hereto, **IT IS ORDERED**:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosures or discovery duties created by the

Federal Rules of Civil Procedure which have been marked as "CONFIDENTIAL" in accordance with this Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. For the purposes of this Protective order, CONFIDENTIAL INFORMATION shall be limited to the following:

   a. Personnel information containing employees' work history, disciplinary records, or other documents containing sensitive personal information that is not available to the general public;

   b. Business records and communications that contain confidential business information such as employee performance summaries, employee training manuals, and other documents discussing business operations or business strategy; and

   c. Other documents that implicate a common law or statutory privacy interest such as personal identifying information, including social security information, tax returns and medical information, or any other information that is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).

   d. Customer information, including sales and margin information, marketing plans and similar information treated as confidential in the regular course of business and not otherwise available in the public domain.

4. A party may designate any document or information, including any portion of a document, any interrogatory response, other discovery response, and/or transcript of a discovery response, as "Confidential" that in good faith contends, constitutes or contains information that is entitled to protection under Fed.R.Civ.P.26(c)(1)(G) and this Protective Order.

5. This CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. The CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

    c. The parties;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. The Court and its employees ("Court Personnel");

    f. Stenographic reports who are engaged in proceedings necessarily incident to the conduct of this action;

    g. Deponents or witnesses; and

    h. Other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as "CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

9. Whenever a deposition involves the disclosure of said CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion (consistent with D.C.COLO.LCivR 7.2) requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

*MJW 4/10/14*

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated as CONFIDENTIAL or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

12. The Court may modify this Protective order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 10th day of Apr, 2014

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO